No. 2632.—COMMERCIAL BANK *v.* W. C. HARRISON and others.

A surety on an appeal bond who denies his signature can not, after it has been proved, be heard to urge other defenses to his liability on the bond.

APPEAL from Sixth District Court, parish of Orleans. *Cooley,* J. *Hornor & Benedict,* for plaintiff and appellant. *Bentinck Egan,* for defendant and appellee.

WYLY, J. The plaintiff appeals from the judgment discharging the rule sued out by it to make liable John S. Simonds, the surety on the appeal bond of the defendants.

The surety, Simonds, prays oyer of the bond, and denies his signature.

It appears that all the papers in the suit, including the appeal bond, have been lost or stolen from the clerk's office.

The plaintiff produced a witness who states that, in 1864 and 1865:

"I was deputy clerk in the United States District Court; as such I often saw John S. Simonds, the defendant, sign his name.

"And I have often sworn him as to the amount of his assets. I saw the appeal bonds that were filed in cases 18,012 to 18,018, inclusive, in this court. The blanks were all filled up in the handwriting of L. Madison Day. I knew it to be his handwriting from often seeing him write his name, and from the admission that it was his handwriting. I knew the signature of Hite to be his signature, as I have often seen him sign his name. I saw every one of these bonds were signed by L. Madison Day as witness, and every one of these bonds had the name of Simonds appended to them as surety. And from my knowledge of the signature of Simonds I verily believe them to have been signed by him, the present defendant, now in court. The bonds were the same in every respect, but were different as to the different plaintiffs' names inserted, according to the priority in which they were filed, but the signatures on each and every bond agreed.

"The name of W.·C. Harrison was signed by L. Madison Day from my knowledge of his handwriting. George D. Hite's signature was signed by himself, as he has sworn to; and the signature of John S. Simonds as surety, to the best of my knowledge, from often having seen him sign his name in years past, and from having seen his signature since the inception of this suit, to documents filed in this case, I believe to be the signature of John S. Simonds, the present defendant."

The testimony of this witness substantially meets the requirements of article 325 C. P. There is other evidence in the record fully corroborating it, and showing beyond doubt that Simonds was the security on the missing bond.

Without proof strictly conforming to article 325 C. P., we would be inclined, in a case like this, to follow the rule stated in 16 L. 378, and 4 An. 55, and allow the fact to be shown by other competent evidence. We agree with the judge a quo that everything about this case looks highly suspicious, and we will add that this is the second time that the defendant, John S. Simonds, has appeared before this court urging the plea of oyer, after the papers were known to be lost or stolen from the clerk's office. See the case of the Boston Belting Company v. John S. Simonds.

Having denied unsuccessfully his signature to the bond, the defendant Simonds will not be heard urging other defenses. C. P. 326.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that the rule herein be made absolute at the costs of the defendant Simonds in both courts.

Rehearing refused.